1
2
3
4                    IN THE UNITED STATES DISTRICT COURT
5                 FOR THE EASTERN DISTRICT OF CALIFORNIA
6
   OSIRIS HENDERSON,                    )
7                                       )    2:12-cv-00800-GEB-DAD
                   Plaintiff,           )
8                                       )
           v.                           )    ORDER DISMISSING PLAINTIFF'S
9                                       )    FEDERAL CLAIMS AND REMANDING
   CARRINGTON MORTGAGE SERVICES,        )    STATE CLAIMS; DENYING
10 LLC; DEUTSCHE BANK NATIONAL          )    DEFENDANTS' MOTION FOR RULE
   TRUST COMPANY;   ATLANTIC &          )    11 SANCTIONS*
11 PACIFIC FORECLOSURE SERVICES,        )
   LLC,                                 )
12                                      )
                                        )
13                 Defendants.          )
                                        )
14 _____     )

15          Defendants move for dismissal of Plaintiff's Verified First
16 Amended  Complaint  ("FAC"),  under  Federal  Rule  of  Civil  Procedure
17 ("Rule") 12(b)(6). Defendants argue dismissal is required because the
18 FAC does not state viable claims. Plaintiff opposes the motion.

19          Defendants also filed a separate motion in which they seek
20 Rule  11  sanctions,  arguing  that  the  same  arguments  on  which  their
21 dismissal motion is based entitles them to sanctions. However, "failure
22 to state a claim . . . is not dispositive of the issue of sanctions[,]
23 . . . Rule 11 sanctions shall be assessed if the paper filed . . . is
24 frivolous,  legally  unreasonable,  or  without  factual  foundation[.]"
25 Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-31 (9th Cir. 1986).
26 Defendants'  arguments  do  not  address  this  standard;  therefore,  this

27 _____
28      *    This matter is deemed suitable for decision without oral
   argument.  E.D. Cal. R. 230(g).

                                    1

1 | motion is denied.

2 | ## I.   RULE 12(b)(6) STANDARD

3 | Decision on the Rule 12(b)(6) dismissal motion requires
4 | determination of "whether the complaint's factual allegations, together
5 | with all reasonable inferences, state a plausible claim for relief."
6 | Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th
7 | Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A
8 | claim has facial plausibility when the plaintiff pleads factual content
9 | that allows the court to draw the reasonable inference that the
10 | defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678
11 | (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

12 | When determining the sufficiency of a claim, "[w]e accept
13 | factual allegations in the complaint as true and construe the pleadings
14 | in the light most favorable to the non-moving party[; however, this
15 | tenet does not apply to] . . . legal conclusions . . . cast in the form
16 | of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.
17 | 2011) (citation and internal quotation marks omitted). "Therefore,
18 | conclusory allegations of law and unwarranted inferences are
19 | insufficient to defeat a motion to dismiss." Id. (citation and internal
20 | quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting
21 | Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and
22 | conclusions' or 'a formulaic recitation of the elements of a cause of
23 | action will not do.'").

24 | ## II.   FEDERAL CLAIMS

25 | Plaintiff's FAC contains both federal and state claims.
26 | Plaintiff commenced the instant lawsuit in state court on February 24,
27 | 2012; that case was removed to federal court, and Plaintiff subsequently
28 | filed his FAC in response to Defendants' motion to dismiss Plaintiff's

original complaint. Since Plaintiff's state claims and issues appear to predominate over Plaintiff's federal claims, the portion of the motion challenging the sufficiency of Plaintiff's federal claims will be addressed first. Plaintiff alleges federal claims under the following federal Acts: Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA"), and Federal Judgment Act.

**A. TILA Claims**

Defendants seek dismissal of Plaintiff's TILA rescission and damages claims without leave to amend, arguing that "Plaintiff's TILA claims are time barred[, and] . . . Plaintiff is not entitled to the tolling of the statute [of limitations]." (Mot. to Dismiss Pl.'s FAC ("MTD.") 15:5-8.) Plaintiff responds that his TILA claims were "brought within the one year statute of limitations for damages and the three year statute of limitations for rescission." (MTD Opp'n 12:17-23.)

    **1.   Rescission Claim**

A borrower's right to rescind a loan transaction under TILA "expire[s] three years after the date of the consummation of the transaction[.]" 15 U.S.C. § 1635(f). "Unlike TILA's one year period for civil damages claims, the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled." Falcocchia v. Saxon Mortg., Inc., 709 F. Supp. 2d 860, 867. (E.D. Cal. 2010); see also McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012) ("Because § 1635(f) is a statute of repose, it extinguished [the plaintiff's] right to rescission . . . three years after the consummation of the loan."). Plaintiff avers in the verified FAC that his loan was consummated "on or about April 19, 2005." (FAC ¶ 25.) Since Plaintiff did not commence the instant lawsuit in state court until February 24, 2012, Plaintiff's right to rescission under TILA is

1  extinguished and his TILA rescission claim is dismissed with prejudice.

2  **2.  Damages Claim**

3  Defendants argue Plaintiff's TILA damages claim is time barred

4  and that Plaintiff is not entitled to equitable tolling since "Plaintiff

5  did not allege any facts demonstrating that he could not have discovered

6  the alleged TILA violations by exercising reasonable diligence[.]" (MTD

7  15:6-8.)

8  Plaintiff's TILA damages claim is premised on his allegation

9  that "Defendants violated TILA by failing to provide Plaintiff with

10  accurate material disclosures required under TILA." (FAC ¶ 157.)

11  Plaintiff avers in the FAC that his loan was consummated "on or about

12  April 19, 2005." (FAC ¶ 25.) A TILA claim seeking damages must be

13  brought "within one year from the date of the occurrence of the

14  violation." 15 U.S.C. § 1640(e). "[A]s a general rule[, this]

15  limitations period starts [to run] at the consummation of the

16  transaction." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir. 1986).

17  Therefore, the statute of limitations for Plaintiff's TILA damages claim

18  expired on or about April 19, 2006.

19  Plaintiff alleges in the FAC that "[a]ny and all statute(s) of

20  limitations relating to disclosures and notices required pursuant to 15

21  U.S.C. § 1601, et. seq. were tolled due to Defendants' failure to

22  effectively provide the required disclosures and notices to Plaintiff."

23  (FAC ¶ 159.) Plaintiff's FAC also contains the following allegations

24  which he argues supports his contention that the one-year statute of

25  limitations period for his TILA damages claim is tolled:

26      A reasonable person would only discover the
        concealed disclosures upon a significant change in
27      the Loan's terms that would alert [him] to possible
        discrepancies, such as a dramatic increase in the
28      Loan payment. Then and only then, would a
        reasonable person be required to exercise due

1         diligence to protect his rights.

2 (FAC ¶ 160.)

3         Plaintiff's averments in the FAC show that he experienced what

4 he references as a "dramatic increase in the Loan payment" on April 19,

5 2007. Specifically, Plaintiff avers that on April 19, 2007, his monthly

6 loan payments increased from $2,090.66 to $3,342.78, which is a sixty

7 percent increase. (FAC ¶ 38.) Yet Plaintiff avers that he did not review

8 his loan documents until he "sought legal action against Defendants, in

9 or about November 2011." (FAC ¶ 96.)

10         Plaintiff's averments are devoid of information showing that

11 he acted diligently to obtain and review his loan documents after he

12 experienced a dramatic increase in loan payments. "One who fails to act

13 diligently cannot invoke equitable principles to excuse that lack of

14 diligence." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 151

15 (1984). Therefore, Plaintiff's TILA damages claim is dismissed.

16         Plaintiff has twice failed to allege facts showing equitable

17 tolling applies to his TILA damages claim. In addition, Plaintiff failed

18 to show that he could allege additional facts in support of equitable

19 tolling in his opposition to the motion to dismiss the FAC. Since

20 Plaintiff has not shown that his TILA damages claim "could . . . be

21 saved by amendment, dismissal with prejudice and without leave to amend

22 is . . . appropriate." <u>Von Saher v. Norton Simon Museum of Art at</u>

23 <u>Pasadena</u>, 578 F.3d 1016, 1031 (9th Cir. 2009); <u>see also</u> <u>Wadhwa v. Aurora</u>

24 <u>Loan Services, LLC</u>, No. 10-3361, 2011 WL 1601593, at *5 (E.D. Cal. Apr.

25 27, 2011) (dismissing TILA damages claim with prejudice after

26 "Plaintiffs . . . had two opportunities to allege facts to support

27 equitable tolling as well as an opportunity in their memorandum in

28 opposition to the instant motion . . . and yet have failed to provide

any reason why the court should toll the applicable statutes of limitations"). Therefore, this dismissal is with prejudice.

**B. FDCPA Claim**

Defendants argue that Plaintiff's FDCPA claim should be dismissed since Defendants are not "debt collectors" under the FDCPA. (MTD 22:15-19.)

"To be liable for a violation of the FDCPA . . . the defendant must - as a threshold requirement - be a 'debt collector' within the meaning of the [FDCPA]." Angulo v. Countrywide Home Loans, Inc., No. 09-877, 2009 WL 3427179, at *5 (E.D. Cal. Oct. 26, 2009) (citation and quotation marks omitted). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff alleges the following in his FDCPA claim:

> In illegally attempting to collect on Plaintiff's debt obligation . . . Defendants DEUTSCHE, as the purported assignee, and CARRINGTON, as purported mortgage servicer . . . falsely represented the status of the debt, in particular that it was due and owing to Defendant DEUTSCHE at the time the suit was filed; . . . falsely represented or implied that the debt was owing to Defendant DEUTSCHE as an innocent purchaser for value, when in fact, such an assignment had not been accomplished; threatened to take action, namely engaging in collection activities that cannot legally be taken by them; and attempted to collect on the promissory note under false pretenses; namely that DEUTSCHE was assigned Plaintiffs debt when in fact they were not.

(FAC ¶ 257.)

Plaintiff's allegations do not state a plausible claim for

relief under the FDCPA since they are insufficient to support drawing a reasonable inference that any defendant is a "debt collector" as defined in the FDCPA. Therefore, Plaintiff's FDCPA claim is dismissed.

**C.   Federal Judgment Act Claim**

Plaintiff also alleges as his ninth cause of action what he characterizes to be a Federal Judgment Act claim. (FAC ¶¶ 234-243.) Plaintiff includes allegations in this claim that appear to relate to the allegations in his FDCPA claim. However, Plaintiff has not shown he may seek declaratory relief concerning his FDCPA claim. Therefore, to the extent that a portion of this purported claim seeks such relief, it is dismissed.

Plaintiff also seeks declaratory relief concerning state issues, but this portion of the FAC does not involve a substantial federal question. See generally Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1374 (9th Cir. 1991) ("Courts should generally decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law . . . .").

### III. Supplemental Jurisdiction Over State Claims

The issue of whether the federal court should continue exercising supplemental jurisdiction over the state claims is now addressed since a federal court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) when the state claims "substantially predominate" over federal claims.

"[Supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and is informed by the

1  . . . values of economy, convenience, fairness and comity" as delineated
2  by the Supreme Court in Gibbs. Acri v. Varian Assocs., Inc., 114 F.3d
3  999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).

4  When "the state issues substantially predominate, whether in
5  terms of proof, of the scope of the issues raised, or of the
6  comprehensiveness of the remedy sought, the state claims may be . . .
7  left for resolution to state tribunals." Gibbs, 383 U.S. at 727.
8  "Generally, a district court will find substantial predomination where
9  'it appears that a state claim constitutes the real body of a case, to
10 which the federal claim is only an appendage.'" Contemporary Servs.
11 Corp. v. Hartman, No. 08-02967, 2008 WL 3049891, at *3 (C.D. Cal. Aug.
12 4, 2008) (quoting Gibbs, 383 U.S. at 727).

13 Plaintiff alleges the following state claims: fraud in
14 origination of the loan, wrongful foreclosure, breach of contract,
15 breach of the implied covenant of good faith and fair dealing,
16 rescission, predatory lending, Unfair and Deceptive Business Act
17 Practices violation, negligence, quasi contract, accounting, quiet
18 title, and violations of Cal. Bus. & Prof. Code § 17200, declaratory
19 relief, and preliminary and permanent injunctions. These claims are
20 based on factual allegations concerning loan origination, attempted
21 acquisition of a loan modification and the foreclosure process. These
22 claims seek multiple forms of injunctive and declaratory relief, as well
23 as compensatory, punitive, and exemplary damages.

24 In contrast, any actionable FDCPA claim would be limited to a
25 determination of whether Defendants engaged in communications with
26 Plaintiff that violated the FDCPA. See 15 U.S.C. §§ 1692b-1692j (setting
27 forth requirements with which debt collectors must comply when
28 attempting to collect a debt, and proscribing certain activities in

connection with debt collection). Further, recovery under the FDCPA is limited to actual and/or statutory money damages. See 15 U.S.C. § 1692k ("[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of . . . any actual damage sustained by such person as a result of such failure; . . . such additional damages as the court may allow, but not exceeding $1,000[.]"); Carrigan v. Cent. Adjustment Bureau, Inc., 502 F. Supp. 468, 470-71 (N.D. Ga. 1980) (construing the term "actual damage[s]" in the FDCPA to mean "out-of-pocket loss caused by Defendant's violation of the [FDCPA]" and awarding $100 in actual damages to Plaintiff as compensation for the "mental anguish" Defendant's violation of the FDCPA caused him); see also Palmer v. Stassinos, 233 F.R.D. 546, 548 (N.D. Cal. 2006) ("Congress explicitly provided private plaintiffs with monetary relief . . . in the FDCPA[,] . . . . [but n]o mention is made of injunctive relief for private plaintiffs."). Therefore, Plaintiff's FDCPA claim has little factual overlap with his state claims, and the relief Plaintiff seeks in his state claims is distinct from the relief he seeks in his FDCPA claim.

Further, judicial economy does not favor continuing to exercise supplemental jurisdiction since none of the state claims have been addressed on the merits. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction . . . ."). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

Since Plaintiff's state claims substantially predominate over his dismissed FDCPA claim, and comity, fairness, and judicial economy do not weigh in favor of continuing to exercise supplemental jurisdiction, the Court declines to continue exercising supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367(c)(2), and those claims and Plaintiff's declaratory relief request are remanded to the Superior Court of the State of California for the County of Solano.

**IV.   LEAVE TO AMEND**

Plaintiff is granted ten (10) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in his FDCPA claim. Plaintiff is warned that the dismissal of this claim could be with prejudice if Plaintiff fails to file an amended complaint within the prescribed time period.

Dated:  October 9, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge